UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CAROL CASHMAN,**

    **Plaintiff,**

**v.**                                                                           Case No.  8:10-cv-1197-T-30MAP

**HOST INTERNATIONAL, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendant's Response in opposition (Dkt. 8). Upon consideration, the Court concludes that the motion should be denied.

### **Background**

On April 30, 2010, Plaintiff Carol Cashman filed a one count complaint for age discrimination in violation of the Florida Civil Rights Act ("FCRA"). Cashman does not specify the amount of damages she is seeking. She asserts only that this action is for damages in excess of $15,000 and her economic damages do not exceed $70,000. In the complaint, Cashman requests an award of damages for back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages for emotional pain and suffering, and punitive damages. Defendant Host International, Inc. ("Host") removed the case to federal court on May 24, 2010. Cashman now moves to remand the action to state court.

## Discussion

In the notice of removal, Host alleges that this Court has jurisdiction over this matter under the diversity statute. Removal jurisdiction exists only if the case could have been originally brought in federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, it is undisputed that the parties are diverse. The only issue before the Court is whether Host has sufficiently demonstrated that the amount in controversy exceeds the jurisdictional threshold.

Where, as here, a plaintiff's claims for damages are unspecified in the complaint, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In these cases, removal is proper if the jurisdictional amount is clear and unambiguous from the face of, or readily deducible from, the removing documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

The Court determines the sufficiency of the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). The moving party may provide additional evidence, such as business records and affidavits, to satisfy its burden. *Id.* at 753-754. The Court may consider post-removal evidence as long as it is relevant to the amount in controversy at the time of removal. *Id.* at 754. A district court may also rely on its "judicial experience and common sense." *Id.*

Host contends that a calculation of the potential back pay award, alone, exceeds the jurisdictional threshold. Back pay is generally calculated from the date of the adverse employment action to the date of judgment. *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670 at *3 (M.D.Fla. 2005). Host has provided the affidavit of Host's Vice President of Compensation Coleman Lauterbach, which supports the allegation that Cashman's salary at the time of her termination on January 9, 2009, was $762.41 per week. From the date of termination to the date of removal, the amount of back pay Cashman may be entitled to is $54,131.11 ($762.41 x 71 weeks). Estimating a trial date of at least 12 months from the date of removal, Host adds an additional $39,645.32 ($762.41 x 52 weeks). The total amount in controversy using this calculation method is $93,776.43, which clearly exceeds the jurisdictional threshold.[1]

Cashman argues that by considering the amount of back pay accrued between the date of removal and the estimated trial date, the Court would be engaging in impermissible speculation prohibited under *Lowery*. However, in *Pretka*, the Eleventh Circuit clarified that Lowery was a "fact-free" case, in which there was no "concrete information" regarding the value of the claims. *Pretka*, 608 F.3d at 752 (quoting *Lowery*, 483 F.3d at 1219). "But Lowery did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible." *Id.* at 753.

---

[1] As of the date of this order, the amount of back pay has already reached approximately $72,428.95.

Here, Host has provided uncontroverted concrete information which supports its calculation of the amount in controversy at the time of removal. Consideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation. It is, instead, extrapolation of the submitted evidence, which is permitted under *Pretka*. Host has shown that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

It is therefore ORDERED AND ADJUDGED that Plaintiff Carol Cashman's Motion to Remand (Dkt. 7) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 9, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1197.remand 7.frm